

| | Offices in | 150 Fifth Street, Suite 700 |
|---|---|---|
| | Minneapolis | Minneapolis, MN 55402 |
| | | (612) 337-9300 telephone |
| | Saint Paul | (612) 337-9310 fax |
| | | www.kennedy-graven.com |
| | St. Cloud | Affirmative Action, Equal Opportunity Employer |

**MICHELLE A. CHRISTY**
Attorney at Law
Direct Dial: (612) 337-9228
Email: mchristy@kennedy-graven.com

November 9, 2021

**VIA ELECTRONIC FILING**

Honorable Leo I. Brisbois
U.S. Courthouse
515 West First Street
Duluth, MN 55802
brisbois_chambers@mnd.uscourts.gov

**Re:** Scott Holman v. City of Cloquet, et al.
Case No.: 20-CV-00224 (PJS/LIB)
Our File No.: BE295-339

Dear Magistrate Judge Brisbois:

Defendants City of Cloquet, Lauri Ketola and Kerry Kolodge (together "City Defendants") respectfully request for a conference before the Court to resolve an ongoing discovery dispute. The scope of this dispute is very narrow and the resolution is time sensitive. Therefore, the City Defendants believe that it can be resolved without formal motion practice. If a speedy resolution is not reached through an informal process, the City Defendants will proceed with formal motion practice pursuant to Federal Rules of Civil Procedure Rule 26 and Local Rule 37.01. We appreciate your attention to this matter.

To briefly summarize the dispute - on November 18, 2021, Plaintiff Holman is scheduled to depose in pertinent part former Cloquet City Mayor Dave Hallback and former Cloquet City Councilmember Steve Langley. Plaintiff has stated that he intends to ask the former elected officials about legal advice that was provided to the City Council by licensed attorneys during closed Cloquet City Council meetings. Because of strained relationships between the City of Cloquet and the former elected officials, it is expected that the deponents will attempt to waive the City's attorney-client privilege. The scope of the dispute is limited to whether Plaintiff's counsel is permitted to ask former elected officials questions that are protected by the City's attorney-client privilege.

The parties have discussed this matter but did not come to a resolution. The City Defendants believe that they have strong legal bases for requesting a protective order prohibiting Plaintiff from requesting information protected by the City's attorney-client privilege because (1) the will of a City can only

be expressed through a quorum of the City Council and therefore former elected officials cannot waive the City's attorney-client privilege and (2) the deposition of elected officials is improper.

First, the deponents, Hallback and Langley, cannot waive the City's attorney-client privilege. The will of a city can only be expressed through a quorum at an open meeting. *Plymouth Foam Prod., Inc. v. City of Becker, Minn.*, 120 F.3d 153, 157 (8th Cir. 1997)(citing *Jewel Belting Co. v. Village of Bertha,* 91 Minn. 9, 97 N.W. 424, 425 (Minn. 1903)). Under Minnesota Law a quorum of a public body is the majority of elected voting members. *Moberg v. Indep. Sch. Dist. No. 281*, 336 N.W.2d 510, 517 (Minn. 1983)(citing Minn. Stat. § 123.33, subd. 5). Because the Cloquet City Council has seven elected members (six councilmembers and a mayor), a quorum would require four elected officials voting together. Neither Hallback nor Langely are current elected officials so cannot be part of a quorum. In sum, only a quorum of the City Council may act on behalf of a City, or in this case, waive the City's attorney client privilege. Building off of this, the ability to waive attorney client privilege rests with the current City and not the former elected officials. *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 349, 105 S. Ct. 1986, 1991 (1985)(discussing that a corporations current managers and directors had the power to waive attorney client privilege); *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 611 (8th Cir. 1977)(unless an employee is seeking personal legal advice, a corporation, not the employee can assert attorney client privilege);  *Keefe v. City of Minneapolis*, CV 09-2941 DSD/SER, 2011 WL 13156805, at *3 (D. Minn. Sept. 13, 2011)(applying attorney client privilege to a public entity, but finding that in that instance the information was not protected due to the crime-fraud exception).

Next, this questioning should not be allowed because Plaintiff cannot inquire into the individual mental impressions of elected officials. The deposition of individual elected officials is inappropriate. *Stone's Auto Mart, Inc. v. City of St. Paul*, 721 F. Supp. 206, 211 (D. Minn. 1989)(Court "will prohibit plaintiffs from taking the depositions of the defendant council members unless they secure the defendant's consent or an appropriate order of this Court."); *Ellingson & Assoc., Inc. v. Keefe*, 396 N.W.2d 694, 696-97 (Minn. Ct. App. 1986)(*quoting Community Federal Savings & Loan v. Federal Home Loan Bank,* 96 F.R.D. 619, 621 (D.D.C. 1983)("public policy requires that the time and energies of public officials be conserved for the public's business to as great an extent as may be consistent with the ends of justice in particular cases"). Because Plaintiff's questioning relates to Hallback and Langley's recollection of the City's legislative process, this questioning should be prohibited.

The City Defendants' request for an informal resolution process will allow the resolution of this dispute without necessitating amending the current scheduling order. According to the Court's October 27, 2020 Scheduling Order (ECF #37) all discovery must be completed in this matter by November 30, 2021. In order to resolve this dispute without needing to amend the current scheduling order, the City Defendants propose an informal resolution process through a remote conference via zoom or telephone. The City Defendants propose that the parties should be permitted to submit brief letters outlining their legal basis for their position prior to the conference. The recommended length of these letters is no more than four pages. The City Defendants propose that the Court then hold a brief fifteen minute informal conference to discuss this issue prior to November 18, 2021. Thank you for your consideration..

Please feel free to contact me if any additional information is needed by the Court.

Very truly yours,

**KENNEDY & GRAVEN, CHARTERED**

*Michelle A. Christy*

Jessica E. Schwie
Michelle A. Christy

MAC:rjo