## PADDEN LAW FIRM, P.L.L.C.

| | | |
|---|---|---|
| Michael B. Padden * | Attorney At Law | mike.padden@paddenlaw.com |
| Wisconsin Office: | **Eagle Point Business Park** | |
| 656 Hickory Ridge Trail | **8673 Eagle Point Boulevard** | |
| Meteor, WI | **Lake Elmo, MN  55042-8628** | |
| | (651) 789-6545 Office | |
| *Licensed in Minnesota and Wisconsin | (651) 433-7123 Fax | **Reply to MN Address** |

November 15, 2021

The Honorable Leo I. Brisbois
U.S. Courthouse
514 West First Street
Duluth, MN  55802
brisbois_chambers@mnd.uscourts.gov

Re:   *Scott Holman v. City of Cloquet, et al.*
       Case No.: 20-CV-00224 (PJS/LIB)

Dear Magistrate Judge Brisbois:

On behalf of Plaintiff Scott Holman, my co-counsel Paul Applebaum and I respond to the request of defense counsel for a discovery conference to resolve the question of whether Plaintiff's counsel can depose a former Cloquet mayor and council member regarding the events surrounding the retaliatory demotion and ultimate firing of Plaintiff.  The gravamen of this lawsuit is that Plaintiff was fired from his position of detective sargeant from the Cloquet Department for his legitimate exercise of his First Amendment rights under the United States Constitution.

Due to the arguable sensitive nature of this topic dealing with attorney/client privilege issues and whatnot, we did not feel that electronic filing is appropriate meaning for your eyes only.  That is why this letter is emailed directly to your chambers.  If we should file this letter electronically, please advise.

As a preliminary matter, it is important to note that the two potential deponents – who wish to testify and have rejected the request of defense counsel Ms. Schwie to represent them – are a **former** mayor of Cloquet and **former** Cloquet City Council member.  As such, the argument of defense counsel that depositions would take these **former** politicians away from their duties as public officials is misplaced.  In *Stone's Auto Mart v. City of Saint Paul*, a case cited by defense counsel in their 11/9/21 letter brief, the defendant council members whom Plaintiff sought to depose were current members of the Saint Paul City Council.  Whether the time and resources of these two former Cloquet politicians in the case at hand would be wasted away by depositions, therefore, has no application to the issue before the Court here.  As noted above, these two men have no problem testifying, wish to testify, and have already made themselves available for specific times to be deposed on November 19.

The Honorable Magistrate Leo I. Brisbois
November 12, 2021
Page 2

Second, it scarcely needs to be pointed out that, contrary to the assertions in the letter of defense counsel, municipalities like the City of Cloquet are not protected by the doctrine of legislative immunity. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In *Monell*, the United States Supreme Court held that municipalities can be directly sued under section 1983 ". . . for monetary, declaratory, or injunctive relief . . . where what is alleged to be unconstitutional implements or executes a policy statement ordinance, regulation, or decision officially adopted and promulgated by that body's officers." See *Rollins v. Farmer*, 731 F.2d 533, 535 (8th Cir. 1984; a local governing unit may not assert the immunity of its officials as a defense to liability under section 1983.) *Monell* and its progeny beg the question of how a potential section 1983 Plaintiff would vindicate his rights against a municipality if the Plaintiff were not able to conduct discovery of witnesses who have personal knowledge of the underlying unconstitutional conduct.

Further, Defendants cannot prevent the depositions of these two men by asserting attorney-client privilege. First, Defendants do not lay out in their letter brief the facts surrounding how the attorney-client privilege was created and how it was preserved in the context of city council deliberations relating to Plaintiff. Second, even if counsel could articulate the existence of a legitimate attorney-client privilege, Defendant's argument would lead to an absurd conclusion: If city council members were able to meet and discuss with impunity any number of unconstitutional council actions, then there would be no remedy for a Plaintiff if a lawyer for the municipality happened to be sitting in the room at the time of the improper conversations. Here, it seems obvious that the information these witnesses possess could greatly assist with the Plaintiff's allegations.

It should be noted that during the course of the litigation, two documents have been circulated before and during depositions of defense witnesses, prepared by a former private attorney for the Defendant City, before Plaintiff was terminated, that warn both the Cloquet City Council and Cloquet Citizen Advisory Board that Plaintiff's conduct in question regarding Facebook posts would constitute protected First Amendment speech. Defense counsel Schwie has only objected perhaps once regarding these two documents. As such, the juxtaposition of that reality with the defense current stance of these two prospective deponents is not reconcilable.

Another approach, perhaps, would be to simply permit the depositions and then address issues pertaining to what would be subject to a confidentiality order and what would be public.

Lastly, discussing employment status of Plaintiff as a police officer does not constitute "City's legislative process" as defense counsel contend. Discussions by councilmembers and a mayor are purely administrative rather than legislative because they relate specifically to Plaintiff and not to a broad class of persons. Because the discussions regarding Plaintiff were administrative in nature, they are clearly matters discoverable via deposition.

Plaintiff does not object to the defense suggestion that the Court conduct a fifteen-minute informal conference.

Thank you for your consideration of this letter.

The Honorable Magistrate Leo I. Brisbois
November 12, 2021
Page 3

Sincerely,

Michael B. Padden
Attorney at Law

MBP/mls

cc:   Jessica E. Schwie, Esq.
      Michelle A. Christy, Esq.
      Paul Applebaum, Esq.